PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVESTER REED, | ) | |
| | ) | CASE NO. 4:25-CV-01109 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL | ) | **MEMORANDUM OF** |
| CENTER *et al.*, | ) | **OPINION AND ORDER** |
| | ) | [Resolving ECF Nos. 13, 16] |
| Defendants. | ) | |

## I.  INTRODUCTION

The Court considers a Motion to Dismiss (ECF No. 13) entered under Federal Rule of

Civil Procedure 12(b)(6).  Federal inmate Sylvester Reed sues his jailers *pro se* for denying him

post-surgery medical care during his recovery while incarcerated.  Construed liberally, Plaintiff

raises claims under 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA").  Nearly

a year later—and in derogation of the Court's extensive leniency, *see* ECF Nos. 4, 6, 15—he has

served just one party: Defendant CoreCivic, Inc.  *See* CoreCivic, *Better the Public Good* (last

visited Mar. 24, 2026).  Now, Defendant CoreCivic[1] moves to dismiss the Complaint for "failure

---

[1] Movant owns and operates co-Defendant Northeast Ohio Correctional Center
("NEOCC") in Youngstown, Ohio where Plaintiff was temporarily incarcerated during the
incidents herein.  Despite being named, NEOCC is a non-juridical entity incapable of being sued.
*See Foster v. Ne. Ohio Corr. Ctr.*, Case No. 4:25-CV-295, 2025 WL 2299331, at *3 (N.D. Ohio
Aug. 8, 2025) (dismissing NEOCC because it does not have a separate existence; it is merely a
facility owned and operated by CoreCivic, Inc.). To the extent the Complaint raises any claims
against NEOCC, they are dismissed.  *See Glaser v. Smith,* No. 4:22-CV-1019, 2023 WL
4052470, at *8 n.5 (N.D. Ohio June 16, 2023).

(4:25-CV-01109)

to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Motion is unopposed and ripe for review.[2]

## II.  BACKGROUND

### A.  HISTORY

In 2021, Plaintiff was indicted for four bank robberies in the Western District of New York.  *See United States v. Reed*, No. 6-21-CR-06057 (W.D.N.Y. Apr. 15, 2021); 18 U.S.C. § 2113(a).  During his pretrial detention in 2023, he had back and elbow surgery in Rochester, New York and was transferred to NEOCC for recovery.  *See* ECF No. 1 at PageID #: 3.  He claims that, while at NEOCC, he was "denied the right to go on any of [his] follow up app[ointments]," "denied the right to complete . . . physical therapy on [his] back" or "on [his] hand," and "denied all [his] day to day medications for over three weeks."  *See* ECF No. 1 at PageID #: 4 (NEOCC Clinic Note signed July 18, 2023.).  Plaintiff alleges that NEOCC staff "neglected all of [his] medical needs, and did not provide [him] with the proper medical care, or give [him] the opportunity to have a successful recovery after surgery."  *See* ECF No. 1 at PageID #: 4.  Later that year, Plaintiff pled guilty and was sentenced to 126 months in federal prison.  *See* ECF No. 1 at PageID #: 4.  Later, he was incarcerated at Federal Correctional Institution ("FCI") Otisville.  From there, he transferred to Federal Medical Center ("FMC")

---

[2] Plaintiff's response to the motion to dismiss was due by January 16, 2026.  While he managed to file a third motion for appointment of counsel just days later, he has not responded to the motion or requested additional time to do so.  The Court's authority to grant a motion to dismiss because it is unopposed is "well established," and Plaintiff's "failure to respond" could be treated "as a confession to" the Motion's merit.  *Demsey v. R.J. Reynolds Tobacco Co.*, No. 1:04CV1942, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) (citing *Cacevic v. City of Hazel Park,* 226 F.3d 483, 492 (6th Cir. 2000)).

(4:25-CV-01109)

Springfield in 2025.  He remains there today.  *See Reed*, No. 6-21-CR-06057.  Plaintiff

anticipates release in 2030.  *See* ECF No. 1 at PageID #: 3.

### B.  PROCEEDINGS

On May 28, 2025, Plaintiff filed a civil lawsuit *pro se* in the Northern District of Ohio

against seven Defendants: NEOCC, CoreCivic, Inc., Health Services ADM Hightower, the

United States Marshals Service ("USMS"), United States Marshal ("USM") Peter Elliot, USM

Shane Marchal, and USM Steven Patizzine.  His Complaint asserts—what the Court construes

as—three causes of action.  *First*, a violation of his Eighth and Fourteenth Amendment rights

under 42 U.S.C. § 1983.  *Second,* a violation of his civil rights under *Bivens v. Six Unknown*

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *Third*, a violation of his

statutory rights under the Americans with Disabilities Act ("ADA").  *See* ECF No. 1–6 at

PageID #: 73.  The Court considered but declined to appoint *pro bono* counsel.  *See* ECF Nos. 3,

4.  When service stagnated, the Court ordered Plaintiff to show cause for the delay and provided

new summonses.  *See* ECF No. 4 at PageID #: 2.  Plaintiff complied, and the USMS entered a

Return of Service that Defendant CoreCivic had been served *via* certified mail *à la* FedEx on

November 17, 2025.  *See* ECF No. 9 at PageID #: 128.  Service was returned unexecuted for

Defendant USM Patizzine because there is "no U.S. Marshal by that name."  ECF No. 8 at

PageID #: 127.  The docket shows that Defendant CoreCivic remains the only party served and,

on December 11, 2025, it entered a Motion to Dismiss under Rule 12(b)(6).  *See* ECF No. 13.

Plaintiff did not respond.  As indicated above, the Motion is unopposed and ripe for resolution.

(4:25-CV-01109)

## III. LAW

### A. PLEADING

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (cleaned up).  The rule does not require "detailed factual allegations," but demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 50 U.S. at 544; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).  Rather, the allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004)); *see Iqbal*, 556 U.S. at 678–79 (noting that Rule 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than [mere] conclusions").

Litigants without legal counsel proceed *pro se*, meaning "on their own behalf, without an attorney." Black's Law Dictionary (12th ed. 2024).  Pleadings from *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999).  "*[P]ro se* [plaintiffs] should not be precluded from resorting to the courts merely for want of sophistication." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see Marbury v. Madison*, 1 Cranch 137, 163 (1803)

4

(4:25-CV-01109)

("The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury").  When faced with a Rule 12(b)(6) motion, "a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan*, 951 F.2d at 110 (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  Some *pro se* claims, no matter how "inartfully pleaded," may be construed generously to survive dismissal.  *Haines*, 404 U.S. at 520.

Yet *pro se* plaintiffs "are not automatically entitled to take every case to trial" because "the lenient treatment generally accorded to [them] has [its] limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d 110)).  Some *pro se* pleadings are so ham-handed that "there is no basis for treating that [*pro se*] party more generously than a represented litigant." *Pilgrim*, 92 F.3d at 416.  And jurisprudential leniency "does not require a court to conjure allegations on a litigant's behalf," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), because a district court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Clark v. National Travelers Life Ins. Co.,* 518 F.2d 1167 (6th Cir. 1975)).

### B.  MOTION TO DISMISS

In response to a detail-deficient complaint, a defendant may move under Rule 12(b)(6) to dismiss for "failure to state a claim upon which relief can be granted."  The Supreme Court mandates, *via Twombly* and *Iqbal*, a two-pronged approach when a district court considers a motion to dismiss.  *See* 550 U.S. at 552; 556 U.S. at 679.

*First,* a court must take all the plaintiff's allegations as true, "even if [they are] doubtful in fact." *Twombly, 550 U.S. at 555; see Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("[Rule 12(b)(6)] does not countenance . . . dismissals based on a judge's disbelief of a complaint's

(4:25-CV-01109)

factual allegations").[3]  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A district court is "not bound to accept as true a legal conclusion couched as a factual allegation," *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), and may "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

*Second*, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  Facial plausibility is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A claim need not be "probable" but must—at minimum—be "plausible" to survive dismissal. *See id.*; *Twombly,* 550 U.S. at 546 ("Without further factual enhancement, [a claim] stops short of the line between possibility and plausibility.")  Guided by precedent, resolving a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, 556 U.S. at 679* (quoting *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007)).

---

[3] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A district court is "not bound to accept as true a legal conclusion couched as a factual allegation," *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), and may "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679.

(4:25-CV-01109)

## IV.  DISCUSSION [4]

### A.  CLAIM I — 42 U.S.C. § 1983

In 42 U.S.C. § 1983, Congress provides a cause of action for state violations of constitutional and statutory rights.  *See Bouggess v. Mattingly*, 482 F.3d 886, 887 (6th Cir. 2007). A § 1983 claim requires a plaintiff to prove two elements.  *First*, that he was deprived a right, privilege, or immunity secured by the Constitution or federal law.  *See Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)).  *Second*, that the person who deprived him of that right did so while acting "under color of state law."  *See id.*  Acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the [state's] authority."  *West v. Atkins*, 487 U.S. 42, 49 (1988).

\*     \*     \*

Defendant CoreCivic is a private entity.  A private entity may be held liable under § 1983 only when its conduct is "fairly attributable to the state."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Yet the Complaint offers no allegations suggesting Defendant CoreCivic is a state actor or acted under color of state law.  On the contrary, Plaintiff admits he was a federal detainee housed at a private prison at all times relevant to this dispute.  *See* ECF No. 1 at PageID #: 4.  The Sixth Circuit has directly addressed this in analogous cases, including *Bishawi v. Northeast Ohio Correctional Ctr.*:

> [a]t the time of the events complained of, [the plaintiff] was incarcerated at NEOCC, a private prison owned and operated by [the

---

[4] The Court declines to address any statute of limitations concerns herein, as the issue was neither briefed nor argued.  Still, it notes that—under Ohio Rev. Code § 2305.10—those claims likely expired in March 2025, two months before Plaintiff initiated this lawsuit.

7

(4:25-CV-01109)

> defendant], a private corporation, to provide services for the federal government. Because NEOCC does not provide services on behalf of the state, neither NEOCC nor [the defendant] were acting under the color of state law for the purposes of § 1983. Further, NEOCC's employees cannot be considered state actors because they are employees of a privately operated prison, operated for the federal government. Thus, the district court correctly found that § 1983 is not applicable to this case.

628 Fed. Appx. 339, 342 (6th Cir. 2014).  Similarly, in *Ayon v. Northeast Ohio Correctional Center*, the Sixth Circuit held that a district court properly reviewed a claim brought by a federal prisoner at NEOCC under *Bivens* rather than § 1983 "because there was no allegation [that the defendant was acting] under color of state law."  478 Fed. App'x 999, 1000 (6th Cir. 2012).

Even if Plaintiff could sue Defendant CoreCivic under § 1983, he alleges no plausible facts or law showing a constitutional violation.  As a then-pretrial detainee, he must satisfy the Fourteenth Amendment's objective and subjective components, but the Complaint alleges only negligence and dissatisfaction with care, despite evidence of repeated medical attention and a declined appointment.  *See Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022).  And he makes no allegations of a custom or policy that caused him harm as required by *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658 (1978).  A generous reading of the complaint could suggest Plaintiff is alleging a pattern of systematic neglect, but even with that leniency, he failed to plead sufficient facts.  To the extent that Claim I asserts Eighth or Fourteenth Amendment causes of action against Defendant CoreCivic under § 1983, it fails to state a claim on which relief can be granted

### B.  Claim II — *Bivens*

Relief under 42 U.S.C. § 1983 is available against state actors, not federal ones.  Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, however, a plaintiff may sue individual federal officers for constitutional violations and "recover money damages for any

(4:25-CV-01109)

injuries . . . suffered as a result."  403 U.S. 388, 397 (1971); *see Ayon*, 478 Fed. Appx. at 1000.

(noting a *Bivens* claim "arises out of a violation of an individual's federal constitutional rights by one who is acting under color of federal law").  If Plaintiff, a federal inmate, has a constitutional or civil rights claim, "it [must] arise, if at all, under *Bivens*."  *Bishawi v. N.E. Ohio Corr. Ctr.*, No. 4:12-CV-3106, 2013 WL 3893381, at *5 (N.D. Ohio July 26, 2013).

Recognizing a *Bivens* remedy requires a two-step inquiry.  *See Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).  *First,* a court considers whether an alternative process for protecting the constitutional interest already exists.  *Second*, absent an alternative, a court weighs any special factors "counselling hesitation before authorizing a new kind of federal litigation."  *Bush v. Lucas*, 462 U.S. 367, 378 (1983).  Under this approach, the Supreme Court has determined that a prisoner in federal detention at a facility operated by a private company cannot assert a *Bivens* claim for damages against the facility's employees for inadequate or deprived medical care.  *See Minneci v. Pollard*, 565 U.S. 118, 126 (2012).  And *Bivens*' "limited holding" does not extend "to confer a right of action for damages against private entities acting under color of federal law," including private prison operators.  *See Corr. Services Corp. v. Malesko*, 534 U.S. 61 (2001) (noting that "whether it makes sense to impose asymmetrical liability costs on private prison facilities . . . is a question for Congress, not us, to decide"); *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017) (noting that a *Bivens* claim "is brought against the individual official for his or her own acts, not the acts of others").  Finally, a *Bivens* claim cannot be brought against a federal agency itself (including, *e.g.*, the USMS *writ large*).  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 483 (1994).

*     *     *

(4:25-CV-01109)

Plaintiff's *Bivens* claim against Defendant CoreCivic is barred by *Malesko* and *Minneci*. *See* 534 U.S. at 70; 565 U.S. 118, 126 (2012).  CoreCivic is a private corporation that operates for-profit prisons under contract with the federal and state governments.  Under *Malesko,* Supreme Court "has already declined to extend *Bivens* to claims asserted against a private prison or the corporate entity that owns and operates it." *Bishawi*, 2013 WL 3893381, at *7 (citing *id.*).  And under *Minneci*, Plaintiff cannot assert a *Bivens* claim for damages against Defendant CoreCivic's employees for conduct that falls within the scope of traditional state tort law, an alternative and extant process for protecting any constitutional interests at stake.  *See* 565 U.S. at 125; *Ayon*, 478 Fed. App'x at 1000 (finding no *Bivens* remedy against NEOCC's warden where state tort remedies were available).  Therefore, Claim II fails to state a claim on which relief can be granted.

### C.  Claim III — ADA

The ADA is tripartite.  *See* 42 U.S.C. §§ 12101–12213.  Title I covers discrimination in the workplace.  *See Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004).  Title II covers public entity discrimination.  *See id.*  And Title III covers discrimination by private entities in public accommodations.  *See id.*  The ADA prohibits, *inter alia*, intentional discrimination based on disability.  *See Roell v. Hamilton Cnty.*, 870 F.3d 471, 488 (6th Cir. 2017)).  A *prima facie* case of intentional discrimination requires a plaintiff to show that he:  (1) has a disability,[5] (2) is otherwise qualified; and (3) was excluded from participation in a program, denied the benefits of a program, or subjected to discrimination because of his disability.  *See Anderson v. City of Blue*

---

[5] A disability is  "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2).

10

(4:25-CV-01109)

*Ash*, 798 F.3d 338, 357 (6th Cir. 2015).  To succeed, a plaintiff must present evidence that "animus against the [disabled] group was a significant factor" in the offending conduct.  *Turner v. City of Englewood*, 195 F. App'x 346, 353 (6th Cir. 2006).

Although, the Sixth circuit Court of Appeals has not addressed the issue, district courts throughout the Sixth Circuit hold that ADA Titles II and III do not apply to private prisons because "Title II of the ADA is applicable only to state and local governments, not the federal government" and a "[f]ederal prison does not constitute a place of public accommodation under Title III[.]" *Collazo v. Corr. Corp. of Am.*, No. 4:11CV1424, 2011 WL 6012425, at *3 (N.D. Ohio Nov. 30, 2011); *see, e.g.*, *Foster v. N.E. Ohio Corr. Ctr.*, No. 4:25-CV-295, 2025 WL 2917112, at *4 (N.D. Ohio Oct. 14, 2025); *Anderson v. S. Cent. Corr. Facility*, No. 1:14-21, 2016 WL 54921 (M.D. Tenn. Jan. 5, 2016); *Tester v. Hurm*, No. 09-318, 2011 WL 6056407, at *3 (E.D. Ky. Dec. 6, 2011); *accord Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (noting that "merely by contracting with the [s]tate to provide governmental services, essential or otherwise" does not make a private prison liable under the ADA).

*     *     *

Claim III fails because it is not sufficiently pled "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  First, Title I is inapplicable; Plaintiff is not a CoreCivic employee.  Second, the Court need not decide whether Defendant CoreCivic may be held liable under Titles II and III.  While Plaintiff invokes the ADA broadly as a font of relief, he neither cites specific statutory provisions nor alleges sufficient plausible facts to "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555.  Even when construed liberally, the Complaint makes no assertion that Plaintiff had a qualifying disability in 2023, no explanation that he was otherwise eligible for a program or

11

(4:25-CV-01109)

service, and no allegation that he was discriminated against because of his (un)alleged disability. Nor does he argue that Defendant CoreCivic was a "mere instrumentality" of the state sufficient for Title II liability to attach.  *See* 42 U.S.C. § 12131(1)(B).  The Court declines to "guess at the nature of the claim asserted" and will not "conjure allegations on [Plaintiff's] behalf." *Wells*, 891 F.2d at 594;  *Overton*, 391 F.3d at 714.  The Complaint amounts to dissatisfaction with medical care, a position familiar to many Americans, yet insufficient for a cause of action under the ADA, *pro se* or otherwise.  Claim III fails to state a claim on which relief can be granted.

### D.  INJUNCTIVE RELIEF

Plaintiff asks that "H.S.A. Hightower to be removed as provider, along with Northeast Ohio [Correctional Center] . . . be shut down."  ECF No. 1 at PageID #: 5.  A federal inmate's claim for declaratory and injunctive relief against a prison or prison staff becomes moot once the prisoner is transferred to a different correctional institution.  *See Henderson v. Martin*, 73 Fed. App'x 115, 117 (6th Cir. 2003) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Plaintiff is now incarcerated at FMC Springfield, not NEOCC.  For this reason, and because the Court dismisses Plaintiff's Complaint *in toto*, his claim for injunctive relief is dismissed as moot. *See Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. Jan. 10, 2025).

### V.  CONCLUSION

The Motion to Dismiss (ECF No. 12) is granted under Fed. R. Civ. P. 12(b)(6).  All claims against Defendant Core Civic and non-juridical sub-entity NEOCC are dismissed with prejudice.  And because Plaintiff has failed to complete service of process on the remaining Defendants as required by Fed. R. Civ. P. 4(m), all remaining claims are dismissed.  Plaintiff has had over 300 days to perfect service.  Even when granted the leniency that *pro se* prisoners rightly receive, such excess is inexcusable.  For Defendant USMS, all claims are dismissed with

(4:25-CV-01109)

prejudice under *Bivens* and *Meyer*.  For Defendant USM Patizzine, all claims are dismissed with

prejudice because there is "no U.S. Marshal by that name."  ECF No. 8 at PageID #: 127.  For

Defendants Health Services ADM Hightower, USM Peter Elliot, and USM Shane Marchal, all

claims are dismissed without prejudice.  Given this dismissal, Plaintiff's Motion for

Appointment of Counsel (ECF No. 16) is denied as moot.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith.


IT IS SO ORDERED.


March 27, 2026                                                      */s/ Benita Y. Pearson*
Date                                                                    Benita Y. Pearson
                                                                         United States District Judge